***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pfeiffer and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and are correctly designated.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times.
3. Plaintiff's average weekly wage may be determined either by way of stipulation or according to a Form 22 wage chart.
4. The date of plaintiff's alleged injury by accident is January 15, 2000.
5. The parties stipulated into evidence Dr. Jennifer L. McMillian's deposition transcript. This is the only evidence, stipulated or otherwise, that came into evidence in the matter. The parties apparently were unable to come to an agreement with respect to stipulated medical records, and plaintiff did not move for an introduction into the record of her medical records. Moreover, the parties were instructed by the Deputy Commissioner at the hearing to provide a stipulation of plaintiff's average weekly wage or defendants were to submit a Form 22 wage chart. Neither a stipulation nor a Form 22 was received.
6. The issue to be determined is whether plaintiff's incident of January 15, 2000 resulted in plaintiff being disabled under the Act or led to any other compensable consequences.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, plaintiff was 50 years old and residing in Charlotte. Plaintiff completed high school and has taken courses at a technical college. Plaintiff was not working in any capacity as of the date of the hearing before the Deputy Commissioner.
2. On January 15, 2000, plaintiff was employed in a sedentary position as a customer service representative for defendant-employer. In that position, plaintiff fielded telephone calls from customers to assist with questions, technical problems or other inquiries related to defendant-employer's products or services.
3. On January 15, 2000, plaintiff was sexually harassed by a male coworker when the coworker touched himself and also touched plaintiff and made remarks of a sexual nature directed to plaintiff. Plaintiff, who felt violated by this inappropriate and offensive conduct of her coworker, immediately reported this incident to her supervisor. The coworker was suspended from his employment pending a review of the incident. Thereafter, the coworker was terminated and never returned to work for defendant-employer.
4. Plaintiff last worked for defendant-employer some time in January 2000, with her last day of employment being either January 17, 2000 or six working days after the incident.
5. Plaintiff sought medical treatment from Dr. McMillian, her family physician, on January 27, 2000. At this evaluation, the notes of which are not a part of the record in this matter, plaintiff reported to her doctor that she had been the victim of sexual harassment at work. Plaintiff returned to Dr. McMillian on February 15, 2000, this time reporting that she was suffering from anxiety.
6. Plaintiff has a preexisting history of clinical depression for which Dr. McMillian has treated plaintiff pharmaceutically. There is no evidence of record that plaintiff was or has been treated therapeutically such as undergoing counseling or any treatment of that nature by a counselor, psychologist or psychiatrist. In 1997 and 1998, Dr. McMillian prescribed plaintiff medication for depression.
7. On March 22, 2000 Dr. McMillian again prescribed anti-depressant medication for plaintiff for increased problems with depression. Dr. McMillian did not counsel plaintiff in conjunction with the prescription of this medication; nor does it appear as though Dr. McMillian referred plaintiff for treatment of this condition.
8. While Dr. McMillian indicated that the incident of sexual harassment occurring to plaintiff on January 15, 2000 was not the sole cause of plaintiff's depression, he felt it "may have been a factor" in plaintiff thereafter exhibiting depressive symptoms.
9. Plaintiff contends that the incident on January 15, 2000 caused her to develop post-traumatic stress disorder (PTSD). However, there is insufficient medical evidence from a physician or professional qualified to make such a diagnosis to support plaintiff's contention or even the diagnosis of PTSD. Moreover, even if a valid diagnosis of PTSD has been made, there is insufficient medical evidence of record to show a causal connection between the January 15, 2000 incident and the diagnosis.
10. Plaintiff also contends that she has been totally disabled since January 2000 as a result of the sexual harassment incident occurring on January 15, 2000. However, there is insufficient medical evidence of record showing that plaintiff was ever written or taken out of work by Dr. McMillian or by any other physician or qualified professional due to the incident or due to her depression.
11. Defendants denied the compensability of and liability for plaintiff's alleged injury by accident by virtue of a Form 61 dated March 21, 2000.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Even if plaintiff sustained an injury by accident on January 15, 2000 when a coworker sexually harassed her, there is insufficient medical evidence of record to conclude that plaintiff's condition was causally related to the assault. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the evidence that she was disabled within the meaning of the Act as a result of the incident on January 15, 2000. N.C. Gen. Stat. § 97-2(9).
3. Plaintiff has not met her burden of proving that she is entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-1, et seq.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is HEREBY DENIED.
2. Each party shall bear its own costs of this proceeding.
This the ___ day of July 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/bjp